UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Case No. 6:13-cr-00050-GFVT-HAI-8 |
| v. | ) ) ) | |
| WILLIAM STEFAN NAPIER, | ) ) | **ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram.  [R. 380.]  Defendant William Stefan Napier has been charged with violations of his supervised release.  In 2015, Mr. Napier was sentenced to 72 months of imprisonment followed by four years of supervised release after pleading guilty to conspiracy to manufacture 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846.  [R. 318.]

Mr. Napier previously violated the terms of his supervised release twice.  Mr. Napier first violated the terms of his supervised release by traveling to North Carolina without permission and using controlled substances.  [R. 368.]  Second, Mr. Napier violated his conditions by pleading guilty to public intoxication by controlled substance in Laurel County District Court.  [R. 369.]  This Court approved that no action be taken for both violations.

Now, Mr. Napier allegedly violated the terms of his supervised release conditions twice more.  Violation One charges Mr. Napier with violating the conditions that require him to submit to periodic drug testing and to report to the probation office as directed because Mr. Napier refused to report to the London Probation Office for drug testing.  [R. 380 at 2.]  This is a Grade

C violation.  Violation Two charges Mr. Napier with violating the condition that requires him to not commit another federal, state, or local crime because Mr. Napier pleaded guilty to the Class A misdemeanor of fleeing or evading police.  *Id.*  This too is a Grade C violation.

Mr. Napier appeared before Judge Ingram for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1.  [R. 374.]  During the hearing, Mr. Napier made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing.  *Id.*  The United States then moved for detention; Mr. Napier did not argue for release.  Id.  Based on the heavy defense burden under 18 U.S.C. § 3143(a), Judge Ingram remanded Mr. Napier to the custody of the United States Marshal.  *Id.*

On September 27, 2022, Mr. Napier appeared before Judge Ingram for his final hearing.  [R. 376.]  There, he waived a formal hearing and stipulated to the violations charged, and Judge Ingram found that Mr. Napier was "competent to stipulate to the violations and that the stipulation [was] competently, knowingly, voluntarily and intelligently entered into."  *Id.*

During the final hearing, the parties also presented their recommended sentences.  The government recommended ten-months imprisonment followed by three years of supervised release.  It argued that the breach of the Court's trust is significant in light of the severity of the underlying sentence compared to the sentence imposed and the two previous violations for which the Court took no action.  The government further contended that alternative sentencing would waste public resources and the public needs protection from his conduct.  Instead, Mr. Napier recommended a split sentence of three-months imprisonment followed by three months of home incarceration.  Mr. Napier argues three mitigating factors favor a reduced sentence: (1) his completion of intensive outpatient drug treatment and current participation in Narcotics Anonymous, (2) his previous negative drug tests and cooperation with his probation officer, and

2

(3) his difficult childhood as a result of his father's death when Mr. Napier was 15 years old. Further, Mr. Napier stated that he was in a motorcycle accident on the day he was directed to report to the Probation Office and that his girlfriend is expected to give birth to his child in January, for which he would like to be present. Mr. Napier also addressed the Court directly, apologizing for the violations and stating that he will better himself.

Section 3583(e)(3) provides that the maximum penalty for a supervised release violation hinges on the severity of the underlying offense of conviction, which in this case was a Class B felony for conspiracy to manufacture 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846. His conviction carries a 36-month maximum period of incarceration following a revocation. Judge Ingram analyzed the Policy Statements in Chapter 7 and determined, given Mr. Napier's criminal history category of IV (at the time of his original conviction) and admitted Grade C violation, that Mr. Napier's range of revocation is six to twelve months. [R. 380 at 6.] A court may also re-impose supervised release for a maximum period that usually subtracts any term of incarceration imposed due to the violation. *See* 18 U.S.C. § 3583(b), (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Mr. Napier's original conviction carries no maximum term of supervised release. 21 U.S.C. § 841(b)(1)(B)(viii). Congress mandates revocation in this case because Mr. Napier refused to comply with drug testing imposed as a condition of his supervised release.

After hearing both arguments, Judge Ingram evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines

3

Range. Ultimately, Judge Ingram recommended revocation with a term of nine-months incarceration followed by three years of supervised release. [R. 380 at 9.]

Judge Ingram reasoned that Mr. Napier's conviction for conspiracy to manufacture 50 grams or more of a methamphetamine mixture a is serious and the violated conditions are designed to help Mr. Napier avoid similar conduct. *Id.* at 7. Judge Ingram also noted the leniency previously afforded to Mr. Napier and explained that he has not taken advantage of the opportunity provided to him. *Id.* However, Judge Ingram recognized that a temporary release to attend the birth of his child may prompt lasting change to help him avoid further criminal conduct. *Id.*

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 10; *see* 28 U.S.C. § 636(b)(1). Mr. Napier did not file any objections to Judge Ingram's Recommended Disposition and has filed a waiver of allocution on October 12, 2022. [R. 381.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

4

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **RECOMMENDED** that the Bureau of Prisons temporarily release Mr. Napier to attend the birth of his child. It is further **ORDERED** as follows:

1. The Report and Recommendation [R. 380] is **ADOPTED** as and for the Opinion of the Court;
2. Mr. Napier is found **GUILTY** of all violations;
3. Mr. Napier's supervised release is **REVOKED**;
4. Mr. Napier is **SENTENCED** to a term of nine months of incarceration, to be followed by a three-year term of supervised release under the same conditions as previously imposed;
5. Judgment shall enter promptly.

This the 25th day of October, 2022.

Gregory F. Van Tatenhove
United States District Judge