UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:13-cr-00050-GFVT-HAI-8 |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM STEFAN NAPIER, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 399.] Defendant William Stefan Napier has been charged with a violation of his supervised release. In 2015, Mr. Napier was sentenced to 72 months of imprisonment followed by four years of supervised release after pleading guilty to conspiracy to manufacture 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846. [R. 318.]

The United States Probation Office now charges Mr. Napier with violating the condition of his release that he shall not engage in criminal behavior. [R. 383 at 3.] The violation report alleges that Mr. Napier violated Ky. Rev. Stat. § 520.100, which prohibits an individual from "knowingly or wantonly disobey[ing] a recognized direction to stop his vehicle, given by a person recognized to be a peace officer" with the intent to elude or flee while operating a motor vehicle. K.R.S. § 520.100(1)(b). An individual does not violate this statute when he merely failed "to comply with a directive of a traffic control officer." *Id.* at § 520.100(2).

Michael Dean Dotson testified for the defense. [R. 399 at 2.] Judge Ingram observed that Mr. Dotson looked similar to Mr. Napier. *Id.* Mr. Dotson admitted to driving the identified

vehicle that ran through a stop sign and fled from the sheriff's deputy. *Id.* at 2-3. Mr. Dotson testified that he looked back at the officer only once during the chase. *Id.* at 4. The deputy lost the vehicle after the vehicle turned onto a trail. *Id.* Though the trail is located close to where Mr. Napier's mother lived, Mr. Napier was not found at his mother's house that day and the deputy testified that he did not know if the house was accessible from the trail. *Id.*

Mr. Dotson testified that he later learned that the police believed Mr. Napier fled from them after running a stop sign. *Id.* He decided to come forward and admit that he was the one driving the vehicle. *Id.* Mr. Dotson said that he morally could not let someone else go to prison for a crime he committed. *Id.* Despite Mr. Dotson opening himself to possible prosecution, the Sheriff apparently did not take Mr. Dotson seriously, declining to ask many questions. *Id.* at 5.

Judge Ingram determined that the United States failed to meet its burden of proof and recommends that this Court find Mr. Napier not guilty of the alleged charge. *Id.* at 7. This Court agrees. Judge Ingram found Mr. Dotson's testimony to be "very credible." *Id.* at 5. Mr. Dotson exposed himself to criminal liability and did so against counsel's advice to invoke the Fifth Amendment. *Id.* Mr. Dotson has also consistently made this admission over time. *Id.* at 6. Moreover, Mr. Doton's testimony is largely consistent with the deputy's version of events. *Id.* Finally, the deputy's brief moment to observe the driver's face could easily lead to misidentification. *Id.* at 7. With Mr. Dotson's compelling testimony and the ease with which the deputy could have misidentified Mr. Napier, the United States fails to show that it is more likely than not that Mr. Napier fled from the police.

The Report and Recommendation advises the parties that objections must be filed within fourteen days of service. *Id.* at 7-8; *see* 28 U.S.C. § 636(b)(1). More than fourteen days have passed and no party has objected to the Report and Recommendation. Generally, this Court must

make a *de novo* determination of those portions of the Report and Recommendation to which

objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this

case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a

de novo or any other standard."  *See Thomas v. Arn,* 474 U.S. 140, 151 (1985).  Parties who fail

to object to a magistrate judge's report and recommendation are also barred from appealing a

district court's order adopting that report and recommendation. *United States v. Walters,* 638

F.2d 947, 949-50 (6th Cir. 1981).  Nevertheless, the Court has examined the record and agrees

with Judge Ingram's recommended disposition.

      Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED**

as follows:

1. The Report and Recommendation **[R. 399]** is **ADOPTED** as and for the Opinion of
   the Court and

2. Mr. Napier is found **NOT GUILTY** of all violations as set forth in the supervised
   release violation report.


      This the 21st day of September, 2023.

Gregory F. Van Tatenhove
United States District Judge

3